IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
CLARKSBURG DIVISION

| | | |
|---|---|---|
| **GATEWAY TOWNE CENTRE, LLC** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-CV-000127 |
| | : | |
| v. | : | Judge: Hon. Irene M. Keeley |
| | : | |
| **FIRST UNITED BANK AND TRUST,** | : | Jury Demand Endorsed Hereon |
| | : | |
| Defendant. | : | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT, FIRST UNITED BANK AND TRUST

First United Bank and Trust ("Defendant or First United"), by and through counsel, answers Plaintiff, Gateway Towne Centre LLC's ("Plaintiff or Gateway"), Complaint as follows:

1. In response to Paragraph 1 of Plaintiff's Complaint Defendant states that it is aware Plaintiff has filed a Complaint for Declaratory Judgment and denies any liability on the same.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that "Exhibit A" was attached to the Complaint and contained a copy of the Purchase and Option Agreement ("Contract"). Further answering, Defendant notes that the Escrow Agreement attached to the Contract is unsigned. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant states that the Contract speaks for itself. To the extent Plaintiff's summation of what the Contract states is inconsistent, Defendant denies the same.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff did provide a survey, but denies any and all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint. Defendant further states that, upon information and belief, the survey referenced in Paragraph 7 of Plaintiff's Complaint was first delivered on April 6, 2009.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits it has yet to pay the purchase price on the option. Further answering Paragraph 8 Defendant, states that it has refused to dos so because of Plaintiff's multiple breaches of the Contract. Finally, Defendant avers that Plaintiff's breaches have eliminated any obligation on the part of the Defendant to exercise the option.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent this Court determines otherwise, Defendant admits that this Court has the power to determine and declare the rights and duties of the parties to a contract in West Virginia. Defendant denies, however, that it is liable to Plaintiff.

11. Paragraph 11 of Plaintiff's Complaint does not contain any allegations against Defendant, and, therefore, no response is required. Nonetheless, Defendant denies that it is liable to Plaintiff for any alleged damages.

12. Defendant admits that Plaintiff is seeking declaratory judgment from this Court, but denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies that Plaintiff is entitled to judgment and/or to any relief, including, but not limited to, the relief sought in the Prayer for Relief.

14. Defendant denies each and every allegation not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is not required to exercise the purchase option for the property at issue due to Plaintiff's multiple breaches to the Contract.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to fulfill its obligations under the Contract making the Option void or voidable.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has committed a fraud and/or fraudulently induced the Defendant into entering the Contract and/or the option provision in the Contract, making the Contract in whole or in part void or voidable.

### FIFTH AFFIRMATIVE DEFENSE

5. There was no consideration for the Option Property in the Contract.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff, having intentionally interfered with Defendant's contractual obligations, is prohibited from bringing a cause of action on the Contract at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Equitable relief is unavailable, as Plaintiff does not have clean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

8. To the extent Plaintiff's claim implicates the Escrow Agreement for distribution of funds, said Agreement requires arbitration and this matter must be stayed.

**NINTH DEFENSE**

9. The deed of conveyance was never delivered to First United as required by the Contract for the Option Property.

**TENTH DEFENSE**

10. Gateway breached the warranties, representations, and affirmative covenants contained in the Contract.

**ELEVENTH DEFENSE**

11. The conditions precedent to closing on the Option Property were not met, and First United, therefore, was not contractually obligated to purchase the Option Property.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court dismiss said cause of action at the Plaintiff's costs and award Defendant its costs and attorneys' fees, along with any other relief to which this Court determines Defendant is entitled.

**COUNTERCLAIM**

Defendant and Counterclaimant First United Bank and Trust hereby incorporates its

prior responses to Plaintiff's Complaint and states its Counterclaim as follows:

## PARTIES

1. First United Bank and Trust ("First United") is a Maryland-based bank which operates an office in Monongalia County, West Virginia. First United is incorporated and maintains in principal place of business in the State of Maryland.

2. Gateway Towne Center, LLC ("Gateway") is a Limited Liability Company organized and operated pursuant to the laws of West Virginia, and at all times relevant hereto, performs business in Monongalia County, West Virginia.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. This Court is the appropriate venue, pursuant to 28 U.S.C. §1446(a), and Rule 77.02 of the Local Rules of General Practice for the Northern District of West Virginia.

## RELEVANT FACTS

5. On March 16, 2004, the Plaintiff and Defendant entered into a Purchase and Option Agreement ("Contract"). A copy of which is attached to Plaintiff's Complaint as Exhibit A and hereby expressly incorporated herein.

6. Pursuant to the Contract, Gateway sold to First United a parcel of property("Property") described in Exhibit 1 to the Contract.

7. Pursuant to the Contract Gateway was required to provide First United with a pad-ready site on or before October 1, 2005 and failed to do so until, at the earliest, June 5, 2006.

8. After having sold the Property described in Exhibit 1, Gateway granted a right-of-way ("ROW") to the Morgantown Utility Board ("MUB") for Property it no longer owned, in

direct violation of the Contract.

9. As a result of this improper granting of the ROW First United was forced to incur additional engineering and construction costs on the Property at issue.

10. This breach of the Contract led to additional engineering and construction costs of approximately $82,963.75.

11. In addition, to the construction-related issues concerning the ROW, Gateway's actions and/or failures to act caused First United to incur delay damages until the opening of operations at the banking facility it built on the Property and caused the value of the Property to decrease due to elevation issues on the Property..

## **COUNT ONE**

### **(Breach of Contract)**

12. First United hereby restates its preceding allegations as if fully rewritten herein.

13. Gateway's failure to provide First United with a pad-ready site, as required by Sections I(j)(k) of the Contract, entitles First United liquidated damages in the amount of $15,000.00 per month, as per Section V(1), from October 1, 2005 till at least June 5, 2006.

14. Accordingly, First United is entitled to damages of at least $120,000.00 for the Property not being pad-ready.

15. Additionally, due to Gateway's sale of the ROW to MUB of a portion of the Property it did not own, Defendant suffered increased construction costs and engineering fees in the amount of approximately $82,963.75, plus additional damages a result of the Bank opening after its anticipated opening.

16. Moreover, Gateway's unlawful sale of the ROW to MUB caused inappropriate site conditions. Specifically, the sale of the ROW caused the Property to have elevation

deviations greater than what was allowed for in the Contract. These elevation deviations significantly decreased the value of the property in an amount to be proved at trial..

18. Gateway's actions and/or failures to act caused First United to suffer delay damages until the new office was opened.

17. First United has performed all of its obligations under the Contract. First United did not, however, exercise the purchase option of a small piece of road frontage property ("Optional Property"), due to Gateway's multiple breaches, which caused damages in excess of the alleged purchase price for the Optional Property.

18. Accordingly, due to Gateway's breaches of the Contract, it is liable to First United in the amount of at least $202,963.75, and additional damages to be proven at trial, including but not limited to damages due to delays in opening and the decreased value of the Property, plus interest, costs and Attorneys' fees.

## COUNT TWO

### (Declaratory Judgment)

20. First United restates its prior allegations as if fully rewritten herein.

21. Gateway and First United are parties to the Contract.

22. Gateway has breached the Contract.

23. Based on Gateway's breaches and/or intentional breaches, including but not limited to, failure to have the site pad-ready and the sale of the ROW to MUB of Property Gateway did not own, elevation issues and delays First United is entitled to have a declaration that it has no duty under the Contract to exercise the purchase option and/or purchase the Optional Property.

24. Accordingly, First United is entitled to a declaration from this Court that it has no

further obligations under the Contract because of Plaintiff's breaches and/or intentional breaches of the Contract.

**WHEREFORE**, First United Bank and Trust respectfully prays for damages against Defendant for its breaches of contract in the amount of at least $202,963.75, and additional damages as proven at trial for delays, and elevation issues, plus interest and attorneys' fees, as allowed by law, and further a declaration from this Court that it is not required to exercise the Purchase Option in the Contract due to Gateway's multiple breaches of said Contract, and a declaration that First United is entitled to any other relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

Defendant, First United Bank and Trust, by and through its counsel, hereby demands trial by jury on all matters so triable.

Respectfully submitted,

**First United Bank and Trust,
By counsel:**

  /s/    Matthew H. Nelson
Jason S. Long (WVSB 9080)
Matthew H. Nelson(WVSB 10140)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Ste. Suite 310
Morgantown, WV 26501
Telephone:  (304) 296-1100
Facsimile:   (304) 296-6116
jason.long@dinslaw.com
matthew.nelson@dinslaw.com
*Counsel for Defendant
First United Bank and Trust*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
CLARKSBURG DIVISION**

| | | |
|---|---|---|
| **GATEWAY TOWNE CENTRE, LLC** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-CV-000127 |
| | : | |
| v. | : | Judge: Hon. Irene M. Keeley |
| | : | |
| **FIRST UNITED BANK AND TRUST,** | : | Jury Demand Endorsed Hereon |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of August, 2009, a true and correct copy of the foregoing Answer and Counterclaim was served via the Court's ECF system upon the following:

J. Bryan Edwards, Esq.
Cranston & Edwards, PLLC
1200 Dorsey Avenue
Morgantown, WV 26501
*Counsel for Plaintiff*

  /s/   Matthew H. Nelson_____
Jason S. Long (WVSB 9080)
Matthew H. Nelson (WVSB 10140)

116102_1